JOSHUA LOTHROP, Jr. *vs.* WILLIAM IDE.

The return of a collector of taxes upon his warrant is only *prima facie* evidence in his favor, in an action against him for an unlawful arrest.

A collector of taxes has no right, under the Rev. Sts. *c.* 8, § 11, to take the body for non-payment of taxes, if sufficient property is shown to him upon which to levy; although fourteen days have elapsed since a demand of payment.

ACTION OF TORT against the collector of taxes of Seekonk, for arresting the plaintiff and committing him to jail upon a warrant in due form for the collection of a tax lawfully assessed upon him.

At the trial in the court of common pleas in Bristol, before *Briggs,* J., the arrest was proved ; and the defendant relied, for his justification, upon his warrant, which contained, among other

directions, the following : " If any person shall refuse or neglect, .for fourteen days after demand thereof, to pay his tax, and you cannot find sufficient goods upon which it may be levied, you are to take the body of such person and him commit unto the common jail;" with his certificate thereon, which stated that, having demanded of the plaintiff the amount of his tax, " more than fourteen days previously to the date hereof, and not finding sufficient goods upon which it may be levied," he arrested the plaintiff's body for the tax, and committed him to jail. The plaintiff contended that this certificate did not show a justifica tion of the arrest ; but the judge overruled the objection.

The plaintiff then offered evidence that before the arrest he tendered the defendant sufficient personal property upon which to levy, and was permitted to introduce such evidence, although the defendant objected to its competency on the ground that it would contradict his official return.

Upon this evidence, the defendant contended that the plaintiff was not entitled to a verdict. But the judge proposed to rule that if the jury believed the evidence, the plaintiff was entitled to a verdict. Whereupon the defendant submitted to a verdict for the plaintiff, and alleged exceptions, which were argued at Boston in January 1859.

*B. Sanford,* for the defendant. 1. In this action, the return or certificate of the officer is conclusive evidence of the facts stated therein. The plaintiff's remedy, if any, is by an action for a false return. *Bruce* v. *Holden,* 21 Pick. 189. *Livermore* v. *Bagley,* 3 Mass. 513.

2. If this return is conclusive, it states a sufficient justifica- tion. Rev. Sts. *c.* 8, §§ 2, 11, 13. *Briggs* v. *Murdock,* 13 Pick. 305.

3. If the plaintiff's evidence was admissible, it did not sup- port his action. The defendant was not bound to .assume the responsibility of deciding whether the property offered him be- longed to the plaintiff. If the defendant demanded payment of the tax, and did not within fourteen days thereafter find sufficient goods upon which to levy, he then had his election to collect the tax by arrest of the person, or by levy upon goods, if he should

find any after that time. Rev. Sts. *c.* 8, §§ 7, 11. *Osgood* v. *Welch*, 19 N. H. 105.

*E. H. Bennett*, for the plaintiff. 1. The collector's certificate is only *prima facie* evidence in his favor, and not conclusive. *Bruce* v. *Holden*, 21 Pick. 187. *Pickard* v. *Howe*, 12 Met. 198. *Barnard* v. *Graves*, 13 Met. 94. *Caldwell* v. *Hawkins*, 40 Maine, 526. *Flint* v. *Whitney*, 28 Verm. 680.

2. If the collector's certificate is conclusive evidence of the facts stated in it, the defendant's certificate does not exclude the plaintiff's evidence, for it does not state that the collector " could not find sufficient goods;" Rev. Sts. *c.* 8, § 11; nor that " for want of goods " he took the body; Rev. Sts. *c.* 8, § 13; nor even that the collector made search for any goods.

3. If the plaintiff did offer the defendant sufficient property to levy upon, he had no right to take his body. The express words of the Rev. Sts. *c.* 8, § 11, and of the defendant's warrant, both make the fact that he " cannot find sufficient goods upon which it may be levied," a condition to the arrest of the body.

DEWEY, J. The questions in the present case concern the admission and effect of the evidence offered by the plaintiff, that, prior to the actual arrest of the plaintiff for the nonpayment of his tax, he tendered to the defendant sufficient personal property that might have been levied upon to satisfy the same. The objection to its admission is that it contravenes the return of a sworn officer. The officer does not in the present instance directly aver that there were not sufficient goods of the plaintiff that might have been found to levy upon, but merely says, " not finding sufficient goods upon which it may be levied," he arrested the body. There is no allegation that he made search for the goods, or that the same might not have been found with proper diligence. Without deciding the more general question of directly contradicting a return of a collector of taxes, and whether, in a suit brought against such collector for an illegal arrest, his return is to be considered *prima facie* evidence merely, and presumed to be correct until the contrary be shown, it might perhaps be sufficient in the present case to say that no such direct averment is made here.

But the court are of opinion that, in case of an action insti-tuted against a collector of taxes for an illegal arrest, the cer-tificate of the collector is not conclusive evidence in his favor. In cases of certificates of field-drivers, they have been treated as *prima facie* evidence of their doings rather than conclusive. In the somewhat loose language formerly used, they were said to change the burden of proof, by which language we under-stand, when used in reference to this class of cases, not a change of the technical burden of proof upon the issue, but that they are to avail until controlled by a greater weight of evidence overpowering them. In *Pickard* v. *Howe,* 12 Met. 207, it was considered as *prima facie* evidence, and also in the case of *Bruce* v. *Holden,* 21 Pick. 187. In the case of *Barnard* v. *Graves,* 13 Met. 94, it was said that the certificate of a collector of taxes, of his doings on a levy of his warrant, is to be deemed *prima facie* evidence as to all matters upon which they are by law to make returns. We have not felt that the decision in *Livermore* v. *Bagley,* 3 Mass. 513, should require us to come to a different result in the present case from that stated in *Barnard* v. *Graves.*

The evidence being admissible, we think it was such as would have warranted the jury in returning a verdict for the plaintiff. The authority to arrest the body, which is given by Rev. Sts. *c.* 8, § 11, arises only where the collector cannot find sufficient goods upon which to levy. This provision continues in force at all times previous to an act of arrest.

*Exceptions overruled.*